United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 10-23668-ref
Curtis Michael Haynes                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4         User: SaraR              Page 1 of 2              Date Rcvd: Jan 30, 2017
                             Form ID: 3180W          Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 01, 2017.
db             +Curtis Michael Haynes,    501 South Krikman Road,    #616202,    Orlando, FL 32811-2007
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg            +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
12249150       +CITY OF ALLENTOWN,    CITY OF ALLENTOWN-BUSINESS PRIVILEGE TAX,    435 HAMILTON STREET,    Rm 217,
                 ALLENTOWN, PA 18101-1603
12679106       +Specialized Loan Servicing LLC,    8742 Lucent Blvd Suite 300,    Highlands Ranch, CO 80129-2386
12359146        Thomas L. Lightner, Esquire,    Lightner Law Offices,    4652 Hamilton Boulevard,
                 Allentown, PA 18103-6021

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            +E-mail/Text: robertsl2@dnb.com Jan 31 2017 01:41:58      Dun & Bradstreet, INC,
                 3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 31 2017 01:41:47
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 31 2017 01:42:00      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12347387       +EDI: OPHSUBSID.COM Jan 31 2017 01:33:00      CANDICA L.L.C.,    C O WEINSTEIN AND RILEY, PS,
                 2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12540255       +EDI: AISACG.COM Jan 31 2017 01:33:00      Capital One Auto Finance,
                 c/o Ascension Capital Group,    P.O. Box 201347,    Arlington, TX 76006-1347
12540255       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jan 31 2017 01:29:34
                 Capital One Auto Finance,    c/o Ascension Capital Group,    P.O. Box 201347,
                 Arlington, TX 76006-1347
12495755       +EDI: AISACG.COM Jan 31 2017 01:33:00      Capital One Auto Finance, c/o Ascension Capital Gr,
                 P.O. Box 201347,    Arlington, TX 76006-1347
12495755       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jan 31 2017 01:29:41
                 Capital One Auto Finance, c/o Ascension Capital Gr,    P.O. Box 201347,
                 Arlington, TX 76006-1347
13197600       +E-mail/Text: bankruptcy.bnc@ditech.com Jan 31 2017 01:41:44      Green Tree Servicing LLC,
                 PO BOX 0049,    Palatine, IL 60055-0049,    Telephone 60055-0049
12352805       +Fax: 407-737-5634 Jan 31 2017 01:49:19      Ocwen Loan Servicing, LLC,
                 Attn: Bankruptcy Department,    1661 Worthington Rd,    Suite 100,
                 West Palm Beach, FL 33409-6493
                                                                                               TOTAL: 10

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2017                                  Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 30, 2017 at the address(es) listed below:
              AMANDA LAUREN KURECIAN    on behalf of Debtor Curtis Michael Haynes tlightner@lightnerlaw.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    Specialized Loan Servicing, LLC
               bkgroup@kmllawgroup.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    The Bank of New York Mellon
               bkgroup@kmllawgroup.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com

```
District/off: 0313-4          User: SaraR              Page 2 of 2              Date Rcvd: Jan 30, 2017
                              Form ID: 3180W           Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

      LESLIE J. RASE    on behalf of Creditor    HSBC Bank USA N.A. pabk@logs.com, lerase@logs.com
      LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
      NELSON DIAZ    on behalf of Creditor    Specialized Loan Servicing, LLC ndiaz@milsteadlaw.com, bkecf@milsteadlaw.com
      NICOLE B. LABLETTA    on behalf of Creditor    Specialized Loan Servicing, LLC nlabletta@udren.com, vbarber@udren.com
      OREN KLEIN    on behalf of Creditor    Capital One Auto Finance Department BKcourtnotices@parkermccay.com
      STEVEN K. EISENBERG    on behalf of Creditor    HSBC Bank USA N.A. seisenberg@sterneisenberg.com, bkecf@sterneisenberg.com
      THOMAS L. LIGHTNER    on behalf of Debtor Curtis Michael Haynes tlightner@lightnerlaw.com, sbennett@lightnerlaw.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

                                                                                                                                                             TOTAL: 13

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Curtis Michael Haynes** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  xxx–xx–9299 <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **10–23668–ref** | |

# Order of Discharge                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Curtis Michael Haynes
aka Curtis M. Haynes

1/30/17                                                        **By the court:**    Richard E. Fehling
                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**